PAUL ALDRIDGE v. THE STATE.

No. 15015.   Delivered January 13, 1932.

The opinion states the case.

*Tom E. Moberly,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is robbery; penalty assessed at confinement in the penitentiary for twenty-five years.

No ruling of the court is assailed by bills of exception or otherwise.

From the state's evidence the following appears: F. A. DeLoach, an operator of a street car in the city of Dallas, was assaulted and robbed between eleven o'clock and midnight of the first day of July, 1931. The appellant was not masked and was identified upon the trial as the offender. Such was the testimony of DeLoach. By circumstances detailed by other witnesses, the testimony touching the identity of the accused was supplemented. The appellant testified in his own behalf and said that on the night upon which DeLeach claims to have been robbed he spent the time from 9:30 at night until 1:00 o'clock the next morning at the home of Mrs. Pinson, situated in the city of Dallas. He specifically denied his identity as the offender.

In the motion for new trial there is complaint that the appellant's application for a continuance was overruled. The record, however, reveals no application for a continuance, nor exception to the refusal to grant it. Such exception is essential. See Nelson v. State, 1 Texas App., 44, and other cases cited in Branch's Ann. Tex. P. C., sec. 304.

Attached to the motion for new trial is the affidavit of Mrs. Marguerite Pinson stating that on the night of the alleged robbery the appellant was at her home from ten o'clock until twelve o'clock at night. There is nothing in the record to indicate whether there was an effort to secure the testimony of Mrs. Pinson at the trial. In the state of the record, the judgment must be affirmed, and it is so ordered.

*Affirmed.*